UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL CLARK,

    Plaintiff,

vs.

OFFICER SGT. GRIGGS,

    Defendant.

Case No. 2:10-CV-00589-KJD-(PAL)

**ORDER**

       Defendant has removed this action to this court. Before the court is plaintiff's civil rights complaint. The court has reviewed it, and defendant will need to respond to it.

       When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1  Plaintiff alleges that on or around December 6, 2009, he went to a disciplinary
2  hearing, conducted by defendant, to answer charges; plaintiff does not specify what those charges
3  were. He further alleges that he had names of witnesses and evidence that would have exonerated
4  him. Plaintiff claims that defendant would not let him call those witnesses or to present the
5  evidence. Plaintiff was found guilty of the charges and sanctioned with six months in disciplinary
6  segregation. The opportunity to call witnesses and to present documentary evidence, when
7  compatible with security and correctional goals, is one of the minimal protections that the Due
8  Process Clause of the Fourteenth Amendment requires prison officials to provide to prisoners in
9  disciplinary hearings. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Taking plaintiff's
10 allegations as true, he has stated a claim upon which relief can be granted.

11  Also before the court is defendant's motion for enlargement of time (first request)
12 (#5), which the court grants.

13  IT IS THEREFORE ORDERED that defendant's motion for enlargement of time
14 (first request) (#5) is **GRANTED**. Defendant shall have forty-five (45) days from the date on which
15 this order is entered to file and serve an answer or other response to the complaint.

16  DATED: July 15, 2010

_____
KENT J. DAWSON
United States District Judge