# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL CLARK,

    Plaintiff,

v.

OFFICER SGT. GRIGGS,

    Defendant.

Case No. 2:10-CV-00589-KJD-PAL

**ORDER**

    Currently before the Court is Defendant Lee Griggs' ("Griggs") Motion for Summary Judgment (#15). Plaintiff Michael Clark ("Clark") filed a Response (#20), to which Defendant filed a Reply (#22). Additionally pending before the Court is Plaintiff's Motion for Summary Judgment (#19). Defendant filed a Response (#21). No reply was filed.

**I. Background**

    Plaintiff's Complaint was brought *pro se* in state court on March 9, 2010, alleging one cause of action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000 for the violation of due process and his right to equal protection under the Eighth and Fourteenth Amendments. Defendant removed the action to federal court on April 23, 2010, pursuant to 42 U.S.C. § 1441(a)-(b) and 28 U.S.C. § 1443. The Complaint alleges that Plaintiff, an inmate at Southern Desert Correctional Center, ("SDCC") in Indian Springs, Nevada, was subject to a disciplinary hearing on December 6, 2009, that was

"unfair," and "biased", resulting in a six month sanction and disciplinary segregation. (#1 Ex. A; #15 at 2.) The Defendant, an Administrative Segregation Sergeant at SDCC, served as the hearing officer over the subject disciplinary hearing regarding a Notice of Charges, brought by prison correctional case worker Perry Russell in which Plaintiff was found guilty of making threats. (See #15 Ex. A-2.)[1] At the disciplinary hearing, according to Plaintiff, Defendant refused Plaintiff the opportunity to call witnesses and present what Plaintiff now claims was exculpatory evidence.

Defendant seeks summary judgment on Plaintiff's claim, arguing that there are no genuine issues of material fact to be decided, and that Plaintiff's right to due process was not violated. Additionally, Defendant avers that he is shielded from liability under the doctrine of qualified immunity. For the reasons stated herein, the Court grants Defendant's Motion.

**II. Standard of Law for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual

---

[1] Defendant was not involved in Plaintiff's preliminary disciplinary hearing which was conducted by Officer Ryan Klein.

issues of controversy in favor of the nonmoving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**III. Analysis**

As stated above, Plaintiff's Complaint alleges that his due process rights were violated when Defendant Griggs denied him the opportunity to present witnesses during his disciplinary hearing on or around December 6, 2009.[2]

The opportunity to call witnesses and to present documentary evidence, when compatible with security and correctional goals, is one of the minimal protections the Due Process Clause of the Fourteenth Amendment requires prison officials to provide to prisoners in disciplinary hearings. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). A prisoner's right to call witnesses at a disciplinary hearing is permitted only when doing so "will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Prison officials "must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is

---

[2] In his Response, Plaintiff alleges, for the first time, that violations of his due process rights occurred at or before his preliminary hearing. Specifically, Plaintiff alleges that the charging employee and preliminary hearing officer failed to serve Plaintiff with a notice of charges within ten calendar days, that no preliminary hearing was actually held, and that Plaintiff was not given 24 hours notice before his disciplinary hearing. (See #20 at 1.) Here, the Court does not consider Plaintiff's newly alleged clams, as Plaintiff has failed to produce any evidence in support of his allegations, or sought leave to amend his Complaint to allege said violations or name new parties.

required." Id.  Thus, it is necessary that Prison officials have the discretion "to keep hearing[s] within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, . . . ." Id.

During his disciplinary hearing, Defendant Griggs asked Plaintiff to present his statement.  In response, Plaintiff stated, "over six, seven witness plus officers who was there who witness me say the things I say to him." (#15 Ex. B. pg 1.)  Plaintiff then stated that Caseworker Russell had cursed and threatened Plaintiff previously.  (Id. at 1–2.)  When asked by Defendant if Plaintiff had cursed at Caseworker Russell, as had been alleged, the Plaintiff admitted, "Uh, I did say something loud, but I didn't curse him out." (Id. at 2.)  Plaintiff made additional allegations that Caseworker Russell had upset other inmates who had responded with name calling and swearing, and that other correctional officers had witnessed the incident.  Plaintiff failed however, to call any of the correctional officers as witnesses at his disciplinary hearing.

When Plaintiff had concluded his statement, Defendant Griggs asked, "[W]ho are your witnesses, and what are they gonna tell me?"  (See #15 Ex. B-1 at 3.)  Plaintiff responded, "[T]hey're gonna tell you that everyone in the unit was cursing him out. . . . They even woke me up cursing him out. . . . [T]he C/Os on the afternoon shift will tell you I didn't no say nothin', uh, to threaten that man or nothin' like that." Id.  Plaintiff did not identify who said witness were, but was presumably, referring to other inmates who were cursing at Caseworker Russell.  The only Correctional Officer Plaintiff identified by name was Officer Nixon, who has testified via affidavit that he does not recall witnessing the incident between Caseworker Russell and Plaintiff and/or other inmates.  (Id.)

After Plaintiff had offered his explanation as to what his witnesses would testify to, Defendant confirmed the relevancy of said witnesses' testimony—namely that it would be the same as Plaintiff's. (#15 Ex. B-1 at 4–5.) Upon learning that Plaintiff's witnesses would merely provide repetitive testimony—that Plaintiff had not threatened Caseworker Russell, Defendant ruled that said witnesses would not be allowed to testify for reasons of redundancy.  (Id.)  Defendant Griggs stated "[T]hey're just gonna tell me the same thing that you're saying", to which Plaintiff responded, "Yes."

4

(Id. at 5.) Plaintiff did not object to the denial of witnesses on the basis of relevancy; he merely responded in the affirmative that their testimony would add nothing more than what Plaintiff had already told Defendant.

Defendant asserts that a number of factors were considered regarding his decision not to allow Plaintiff to present his witnesses. (#15 at 8.) Among those, was that Plaintiff has "a history of assaulting, verbally abusing, and disobeying NDOC staff," and that, the proffered witnesses were all housed with Plaintiff in "close custody". (Id.) Plaintiff's Disciplinary History Report contains an extensive record of threat offenses. (#15 Ex. A at 4.)

According to NDOC Administrative Regulation 512.02, closed custody is a restrictive level of supervision for inmates whose offense or institutional conduct indicates that they represent a potential for violence, escape, or disruption of institutional operations without the controls inherent in close custody. (#15 Ex. F at 2.) Additionally, inmates, such as Plaintiff, in disciplinary segregation, are housed in single cell units, separated from the general population of the institution, and subject to searches and direct supervision when outside the housing unit. (Id.) Such inmates often require restraints during internal movement, and/or armed escort for transportation outside of the institution. (Id.) Furthermore, inmates in close custody are those whose misconduct indicates that their behavior cannot be controlled at lower custody levels. (Id.)

Given the potential difficulty and added security measures required to transport Defendant's proffered close custody witnesses to the hearing room to testify, together with Plaintiff's concession that said witnesses' testimony would be repetitive of his own testimony, the Court finds that the Defendant exercised his discretion within the bounds of due process, and as allowed under the NDOC Inmate Disciplinary Manual.[3]  Plaintiff has failed to offer any evidence other than self serving

---

[3] The NDOC Inmate Disciplinary Manual states that the "[q]uestioning of witnesses, whether adverse or not may be limited or curtailed, as the discretion of the Disciplinary Hearing Officer if . . . [t]he questioning is redundant. . ." ( See #15 Ex. E at 12.)

5

and conclusory testimony in opposition that is sufficient to raise a genuine issue of fact.[4]  The standard of review for disciplinary administrative decisions by prison officials is whether there is "some evidence" to support the decision.  Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472, U.S. 445 (1985).  Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994).  There is no dispute Plaintiff was given notice of the hearing and an opportunity to present his defense.  Thus, the Court finds that summary judgment should be granted for the Defendant and denied for Plaintiff.

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#15) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (#19) is **DENIED**.  Judgment to be entered on behalf of Defendant.

DATED:  May 9th, 2011

_____
Kent J. Dawson
United States District Judge

---

[4] Because the Court finds that Plaintiff's due process claim fails, the Court need not address the issue of qualified immunity here.